Opinion of the Court.
TH’E bl'der establishing the road, to which this writ of error is prosecuted, is clearly erroneous, inasmuch as the plaintiff in error, through whose land the road passes, was not summoned, as the law requires, to appear and show cause, if any he had, why the road should not be established.
Jt is' true, that the commissioners appointed to view the way for the prqposed road, reported the consent of the plaintiff in error to the establishment of the road; *229 but the commissioners had no authority to take the consent, or to report it to court. The law not only does not give such power toffihe commissioners, but strpngly negatives the idea of their possessing it, by.imperatively requiring the court to order summonses to hfeyissued to the proprietors, without making the requisition depend upon what the commissioners may have reported upon the subject. By thus requiring the proprietors to be summoned to appear in court, it is plainly implied, that their conseñt should be there given. If they appear and do not apply for a writ of ad quod damnum, or if, when summoned,-they fail to appear, their consent will be presumed; but the consent, whether expressly given or implied, should appear from the proceedings in court.
The order must he reversed with costs, and the case remanded, for new proceedings to be had, commencing at the return of the commissioners’ report.
Whore a duty is made by contract to depend on the performance ofa condition precedent, no remedy can be had atlaw without averring a performance of such condition.
The reason why law gives no remedy, iJ, that no right exists; consequently, an application to a court of equity must be asuna-vading as an application to a court of law.
How fir equity might relieve where the non-performance of the condition precedent was owing entirely to accident, or circumstances not •within the control of the party, is not decided in Chis case.